DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Marianas Business Plaza
P.O. Box 501969
Saipan, MP 96950-1969
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

*Attorneys for Plaintiff Hye Lin Shin*

F I L E D
Clerk
District Court

APR 28 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN, ) | CIVIL ACTION NO.: 08-0022 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| YOU RIM CORPORATION, ) | Judge: |
| ) | Date: |
| Defendant. ) | Time: |
| ) | |

COMES NOW the Plaintiff Hye Lin Shin to the above-captioned matter, and hereby complaint against the Defendant as follows:

## I.
## PARTIES

1. Plaintiff Hye Lin Shin is a citizen of Korea and resident of the CNMI.

2. Defendant You Rim Corporation is on information and belief a CNMI Corporation.

## II.
## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. Section 1332 as this matter involves citizens of different states and the matter at issue is more than $75,000.00 The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court. Defendant resides in the Commonwealth of the Northern Mariana Islands ("CNMI") or had transacted her affairs in the CNMI. Additionally the facts giving rise to this lawsuit occurred within this District.

5. The Court has jurisdiction of this matter pursuant to the CNMI Constitution and the Commonwealth Judicial Reorganization Act, as amended.

## III.
## FACTS

6. Defendant wrote a check payable to the order of Hye Lin Shin in the amount of $190,000.00 dated August 5, 2007 (the "Check"). On August 6, 2007, Ms. Shin deposited the Check. On August 9, 2007, Ms. Shin's bank returned the Check as unpayable due to insufficient funds.

7. Plaintiff attaches a true and correct copy of the Check and the relevant Notice from Bank of Guam as Exhibit A.

8. On or about March 24, 2008, Plaintiff wrote to Defendant by certified mail at the address listed on the Check demanding it pay the face amount of the dishonored check, together with such charges as may be lawfully imposed by the bank within thirty (30) days (the "Demand Letter"). Defendant refused and instead wrote back, through his agent Mr. Cho, that he was hiring a lawyer.

9.  A true and correct copy of the Demand Letter is attached hereto as Exhibit B.

10. Defendant received the Demand Letter on or about April 2, 2008.  *See* Exhibit C.

11. Each of Defendant's actions as described herein was willful and malicious, taken in bad faith for oppressive reasons.

## IV.
## FIRST CAUSE OF ACTION:
## CONVERSION

12. Paragraphs 1 through 11 are re-alleged and incorporated here by reference.

13. Defendant, by failing to pay Plaintiff the full amount of the Check and by failing to have sufficient funds in its bank account to pay the Check, has wrongfully taken Plaintiff's property and converted it to its own use.

14. Plaintiff has been damaged by this wrongful conversion in an amount to be proven at trial but at least $190,000.00 plus punitive damages.

## V.
## SECOND CAUSE OF ACTION:
## BAD CHECKS

15. Paragraphs 1 through 11 and 13 through 14 are re-alleged and incorporated here by reference.

16. Defendant made and delivered the Check to Plaintiff which was subsequently refused and dishonored due to lack of funds and/or credit to pay.

17. Defendant received the Demand Letter on or about April 2, 2008. A true and correct copy of the certified mail receipt is attached hereto as Exhibit C.

18. Defendant has failed to pay the amounts of the Check, together with any lawful charges, within 30 days of the demand.

19. Pursuant to the Bad Checks Act of 1984, 7 CMC §§ 2441 *et seq.*, Defendant is liable to the payee Plaintiff for the amount owing upon the Check ($190,000.00), plus bank charges and other allowable damages, pre-judgment interest at the rate of 12 per cent per annum, plus attorney's fees and treble damages.

**WHEREFORE,** Plaintiff prays that the Court grant her the following relief:

1. Payment of the full amount of the dishonored check plus all allowable damages under the law including but not limited to prejudgment interest, bank charges, other allowable damages, attorney fees and treble damages.

2. Incidental, consequential, statutory and liquidated damages in an amount to be proven at trial, including emotional distress damages.

3. Interest.

4. Punitive damages.

5. Costs and attorneys' fees, including but not limited to fees available under the Bad Checks Act.

6. Such other and further relief and the Court deems just and proper.

Respectfully submitted this 24th day of April, 2008.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff

By: _____
David G. Banes, Esq.
CNMI Bar ID No. (F0171)

2542-11-080423-Complaint4-miu.doc