Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN | ) CIVIL ACTION NO. 08-0022 |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **FIRST AMENDED ANSWER** |
| | ) |
| YOU RIM CORPORATION | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

Defendant files this amended answer pursuant to FRCP Rule 15(a).

1. Defendant denies ¶¶ 3, 5, 11, 13, 14, and 19.

2. With respect to ¶ 4, defendant denies venue is proper as the court lacks jurisdiction over this matter.

3. In response to ¶ 6, defendant admits that it wrote a post dated check for $190,000.00 as the final payment of a $570,000.00 business transaction for the purchase of a leasehold

interest in real property, upon which the Joy Hotel is situated, from the assignors of the lease. A dispute arose in connection with the transaction and defendant advised assignors, through their purported agent, not to deposit the check. After so advising assignors purported agent, defendant withdrew funds from the account on which the check was drawn. Assignors purported agent, nevertheless, negotiated the check by tendering it to a third party that deposited the check.

4. In response to ¶ 7, defendant acknowledges that the Exhibit A shows the check was not deposited by plaintiff and it was not deposited into the bank account of a third person. into an Exhibit A was not attached to the complaint.

5. In response to ¶ 8, defendant admits that it wrote a post dated check for $190,000.00 as the final payment of a $570,000.00 business transaction for the purchase of a leasehold interest in real property, upon which the Joy Hotel is situated, from the assignors of the leasehold interest in the property. A dispute arose in connection with the transaction and defendant advised lessors, through their purported agent, not to deposit the check. After so advising Assignors purported agent, defendant withdrew funds from the account on which the check was drawn. Assignors' purported agent, nevertheless, negotiated the check by tendering it to a third party that deposited the check. Plaintiff then claims to demand payment from defendant for the check.

6. In response to ¶ 9, defendant acknowledges that it received a letter written on behalf of plaintiff and a company named Joy Enterprises.

7. In response to ¶ 10, defendant acknowledges that it received Exhibit B.

8. In response to ¶ 16, defendant admits that it wrote a post dated check for $190,000.00 as

    the final payment of a $570,000.00 business transaction for the purchase of a leasehold interest in real property, upon which the Joy Hotel is situated, from the assignors of the lease. A dispute arose in connection with the transaction and defendant advised assignors, through their purported agent, not to deposit the check. After so advising Assignors purported agent, defendant withdrew funds from the account on which the check was drawn. Assignors' purported agent, nevertheless, negotiated the check by tendering it to a third party that deposited the check.

9.   In response to ¶ 17, neither an Exhibit B or Exhibit C were t attached to the complaint. Accordingly defendant denies ¶ 17.

10.   In response to ¶ 18, defendant denies that it had any duty or obligation to pay the check.

11.   In response to ¶ 12, defendant realleges and incorporates its response to ¶¶ 1- 11.

12.   In response to ¶ 15, defendant realleges and incorporates its response to ¶¶ 1- 14.

### AFFIRMATIVE DEFENSES

1.   Plaintiff lacks standing to maintain this action as shown by the complaint filed in the Superior Court, three (3) days after filing of this action, a copy of which is attached hereto as Exhibit 1.

2.   The court lacks jurisdiction over this matter.

3.   The notice under 7 CMC § 2441 is defective.

4.   The complaint fails to state a claim upon which relief can be granted.

5.   Plaintiff is not the real party in interest as shown by the complaint filed in the Superior Court , three (3) days after filing of this action, a copy of which is attached hereto as

Exhibit 1.

**PRAYER FOR RELIEF**

1. Plaintiff takes nothing by her complaint.

2. Cost of suit including reasonable attorney fees; and

3 Such other and further relief as the court deems just and proper.

Law Office of G. Anthony Long

By:_____/s/_____
G. Anthony Long