E-FILED
CNMI SUPERIOR COURT
E-filed May 1 2008 11:01AM
Clerk Review May 2 2008 9:02AM
Filing ID 19642332
Case Number 08-0159-CV
Dora Decena

DAVID G. BANES, Esq.
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Tel. No. (670)234-5684
Fax No. (670)234-5683

Attorneys for Plaintiff Scarlet Hyun Shin

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SCARLET HYUN SHIN, personally and as guardian for Hannah E. Shin, Sarah Jane Shin and Christopher Shin,<br><br>Plaintiff,<br><br>v.<br><br>KIM, KI SUP,<br><br>Defendant. | CIVIL ACTION NO. ____<br><br>COMPLAINT PURSUANT TO HOLDOVER TENANCY ACT |

Plaintiff, by and through counsel, alleges as follows:

### JURISDICTION AND PARTIES

1.   This Court has jurisdiction over this matter pursuant to the 1989 Judicial Reorganization Act, as amended and 2 CMC 40201 et seq. (Holdover Tenancy Act).

2.   Plaintiff Scarlet Hyun Shin is an individual currently residing in California. She is suing in her personal capacity and as guardian for her children Hannah E. Shin, Sarah Jane Shin and Christopher Shin.

3.   Upon information and belief and at all relevant times herein, Defendant Ki Sup Kim, is believed to be a citizen of the Republic of South Korea and a resident of Rota, Commonwealth of the Northern Mariana Islands.

## FACT

4.  On June 17, 2007, Defendant executed an Assignment of Lease for Lot No. 004 D 23 situated in Garapan. That lot has a business building on it (the "Premises").

5.  The total rental for the lease period was $570,000. The rent was to be fully paid in advance with the last installment payment of $190,000 to be paid on or about August 5, 2007.

6.  Defendant has paid only $380,000 leaving a balance owing of $190,000 plus interest, costs and fees.

7.  Despite repeated demands to do so, Defendant has refused to pay and refuses to vacate the premises.

## COUNT ONE

## HOLDOVER TENANCY

8.  Plaintiff repeats and re-allege paragraphs 1 through 7 as if set forth in full.

9.  On March 23, 2008, Plaintiff demanded from Defendant the balance owing in rent payment for the tenancy. Plaintiff also demanded that Defendant quit and surrender the Premises.

10. Despite demand for payment, Defendant failed to make any payments. Despite demand to quit and surrender the premises, Defendant refuses to vacate and is still occupying the Premises until the present time.

11. Plaintiff has been damaged in an amount to be proven at trial.

2

## COUNT TWO
## BREACH OF CONTRACT

12. Plaintiff repeats and re-allege paragraphs 1 through 7 and 9 through 11 as if set forth in full.

13. The Assignment of Lease was a valid and enforceable contract.

14. Defendant has breached its contract with Plaintiff by refusing to pay the rent due and refusing to vacate the premises.

15. Plaintiff has been damaged in amount to be proven at trial but at least $190,000 plus interest, consequential damages and attorney fees.

## COUNT THREE
## CONVERSION

16. Plaintiff repeats and re-alleges paragraphs 1 through 7, 9 through 11 and 13 through 15 as if set forth in full.

17. Defendant, by failing to pay Plaintiff the full amount of the rent owing and by failing to vacate the Premises, has wrongfully taken Plaintiff's property and converted it to his own use.

18. Defendant's actions were done intentionally, willfully and with reckless disregard for Plaintiff.

19. Plaintiff has been damaged by this wrongful conversion in an amount to be

proven at trial but at least $190,000 plus punitive damages.

## COUNT FOUR
## UNJUST ENRICHMENT

20. Plaintiff repeats and re-alleges paragraphs 1 through 7, 9 through 11 and 13 through 15 as if set forth in full.

21. Defendant by failing to pay the full amount owing of the rent and by failing to vacate the Premises has been unjustly enriched.

22. Plaintiff has been damaged by this wrongful unjust enrichment in an amount to be proven at trial but at least $190,000.

WHEREFORE, Plaintiff prays as follows:

1. For judgment for double the unpaid rent in an amount to be proven at trial.
2. For general, statutory, punitive, consequential and compensatory damages in an amount to be proven at trial.
3. For an award of possession of Lot No. 004 D 23
4. For prejudgment interest.
5. For costs and reasonable attorney fees.
6. For other relief deemed just and equitable by this Court.

Dated: May 1, 2008.

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiff Scarlet Hyun Shin

By:/s/_____
David G. Banes

585_200805010054390620.wpd

U.S. Department of Labor

Occupational Safety and Health Administration
San Francisco Federal Building
90 7th Street, Suite 18100
San Francisco, CA  94103



*You Rim Corp  To Mr Choi*

May 14, 2008

JOY HOTEL
P.O. BOX 1498
ROTA, MP 96951

Inspection Number:    110547429
Reporting ID:         0935000
Due Date:             04/09/2008
Delinquent Date:      05/09/2008

Dear Joy Hotel:

A notification of payment due for penalties assessed under the Occupational Safety and Health Act was sent to your firm on 03/11/2008. Payment was due on the date shown above and our records show that full payment has not been received. Unless payment is already in the mail, the unpaid balance shall be deemed delinquent.

Pursuant to the Debt Collection Act of 1982 (Public Law 97-365) and regulations of the Department of Labor (29 CFR Part 20), effective March 8, 1985, the Occupational Safety and Health Administration is required to assess interest, as well as delinquent and administrative charges for overdue penalties. Interest on the unpaid balance which accrues at an annual rate of five percent (5%) a year from the date the payment became due has been assessed. In addition, the administrative cost of $10.00 which has been incurred for this collection letter in order to recover the amount due has also been assessed. If the total amount due, including penalty, interest and administrative costs is not paid within one month of the date this letter is received, the matter will be referred to the National Office of the Occupational Safety and Health Administration in Washington, D.C. for further action. The National Office will assess additional interest and administrative charges. If the penalty is delinquent for more than three (3) months, a delinquent charge of six percent (6%) a year accruing from the date that the debt became delinquent, will also be assessed.

Further, you should be aware that, pursuant to the provisions of the Debt Collection Act, it is the policy of the Department of Labor and the Occupational Safety and Health Administration to disclose information concerning delinquent claims to commercial credit reporting agencies, to utilize the services of private debt collectors and to report information on unpaid debts to the



OSHA — Occupational Safety and Health Administration
www.osha.gov

Internal Revenue Service. To preclude exercise of the authorities discussed above and to avoid incurring additional charges, please remit the total amount due as indicated below:

| | |
|---|---|
| A review of our records indicates that you have paid: | $0.00 |
| The current unpaid balance of the total penalty assessed is: | $750.00 |
| The current total of interest accrued is: | $3.13 |
| The current total delinquent charge (6% annual rate) is: | $0.00 |
| The current total charge to cover administrative costs is: | $10.00 |
| **TOTAL AMOUNT NOW DUE** | $763.13 |

If you have recently submitted a payment covering the total amount of the penalty due, please disregard this notice. Make your check or money order payable to "DOL-OSHA" and mail it to the address listed below. Please indicate OSHA's inspection number on the remittance. If you are unable to submit full payment at this time, or if you have any questions, please contact our Regional Office at (415) 625-2541.

U.S. Dept. of Labor-OSHA
San Francisco Federal Building
90 7th Street, Suite 18100
San Francisco, CA  94103

Sincerely,

*Barbara Goto*

Barbara Goto
Safety and Health Manager

