**GEORGE L. HASSELBACK, ESQ.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Marianas Business Plaza**
**P.O. Box 501969**
**Saipan, MP 96950-1969**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Hye Lin Shin*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN, ) | CIVIL ACTION NO.: 08-0022 |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| v. ) | MOTION FOR SUMMARY |
| ) | JUDGMENT |
| YOU RIM CORPORATION, ) | |
| ) | Judge: Hon. Alex R. Munson |
| Defendant. ) | Date: TBD |
| ) | Time: TBD |

This is a case about a bounced check. There exist no genuine issues of material fact and, therefore, Plaintiff is due a judgment as a matter of law. Summary judgment under Rule 56(a) is proper.

This Court should grant this Motion in full.

### I. UNDISPUTED FACTS.

The operative facts that support this Motion are not in dispute, or cannot be reasonably disputed.

A check drawn on the Bank of Hawaii corporate account of You Rim Corporation, dated August 5, 2007 ("the Check") was written in the amount of one-hundred and ninety thousand

1

dollars ($190,000.00).  Plaintiff's Complaint at paragraph 6 and Defendant's First Amended Answer at paragraph 3.  The Check was made payable to "Shin Hye Lin," the Plaintiff.  A true and accurate copy of the Check is attached hereto as "Exhibit A."

On or about August 6, 2007, the Check was deposited into the Bank of Guam corporate account of Joy Enterprises, Inc.  Plaintiff's Complaint at paragraph 6 and Defendant's First Amended Answer at 3-5.  Subsequently, the Bank of Guam proffered the Check for payment to the Bank of Hawaii.  Exhibit A (specifically the stamp on the Check indicating that the Check was "returned unpaid").  On or about August 8, 2007, Bank of Hawaii stamped the Check "Returned Unpaid…Insufficient Funds" indicating that the Bank of Hawaii was not going to honor the check   Exhibit A.  On or about August 9, 2007, the Bank of Guam issued a notice that stated, in relevant part, that the Check had not been honored by the Bank of Hawaii, because the account upon which it had been drawn did not contain sufficient funds ("the Notice").  A true and accurate copy of the Notice is attached hereto as "Exhibit A." Specifically, the Notice stated, in relevant part:

> THE FOLLOWING DEPOSITED ITEM(S) WAS RETURNED AND CHARGED TO YOUR ACCOUNT FOR THE REASON INDICATED.
>
> …
>
> RETURN REASON…INSUFFICIENT FUNDS

Exhibit A.  Furthermore, a fifteen dollar ($15.00) fee was charged by the Bank of Guam for the return of the Check.  Exhibit A.

On or about March 24, 2008, counsel for Plaintiff, by Certified U.S. Mail and Email, transmitted a demand letter to You Rim Corporation ("the Demand Letter").  A true and

accurate copy of the Demand Letter is attached hereto as "Exhibit B." In the Demand Letter, Plaintiff's counsel informed Defendant that:

> …[w]e are providing you Notice of our intent to sue and collect up to treble damages plus attorney fees and 12% interest pursuant to the CNMI Bad Checks Act of 1984 (7 CMC § 2441 et seq.):
>
> YOUR FAILURE TO PAY THE CHECK AMOUNT ($190,000.00) TOGETHER WITH ANY LAWFUL CHARGES WITHIN 30 DAYS FOLLOWING DELIVERY OR MAILING OF THIS NOTICE MAY RESULT IN A COURT JUDGMENT AGAINST YOU FOR THREE TIMES THE AMOUNT OF THIS CHECK.
>
> IF YOU FAIL TO PAY THE CHECK AMOUNT TOGETHER WITH ANY LAWFUL CHARGES WITHIN THIRTY (30) DAYS OF DELIVERY OR MAILING OF THIS WRITTEN DEMAND AND THEREAFTER SUIT IS BROUGHT TO COLLECT THE AMOUNTS OWING, THE COURT SHALL AWARD ATTORNEY'S FEES, AS PROVIDED BY LAW.
>
> If you wish to pay the full amount owing, please contact our offices within 30 days.

Exhibit B. There was never any payment made by Defendant pursuant to the Demand Letter. Declaration of George L. Hasselback filed in support of this Motion ("Hasselback Decl.").

On April 28, 2008, Plaintiff filed this lawsuit. Plaintiff's Complaint *generally.*

Plaintiff anticipates that Defendant will attempt to obfuscate the issues in this Motion by presenting a plethora of other irrelevant facts. Plaintiff would submit, however, that the only facts that this Court needs to decide this Motion are those presented above. Put simply, Defendant wrote a check to Plaintiff and that check was returned because there were insufficient funds in Defendant's account to cover it when it was presented for payment. Put even more simply … Defendant bounced a check. No other facts are needed to decide this Motion.

## II. ARGUMENT.

CNMI statute imposes liability upon anyone who bounces a check. Defendant wrote a check that was returned because of insufficient funds. According to CNMI law, Defendant is liable to Plaintiff for the amount of the check, 12% interest per annum and attorney fees. There is no genuine issue of material fact remaining and Plaintiff is due judgment as a matter of law. This Motion should be granted in full.

**A. The CNMI Bad Check Act Imposes Liability For Anyone Who Bounces A Check.**

The liability imposed by the CNMI Bad Check Act of 1984 is very clear. It says, in relevant part, that:

> ***Any person, who makes, utters, draws or delivers any check, payment of which is refused or dishonored due to lack of funds … shall be liable to the payee for the amount owing upon such check plus interest at the rate of 12 percent annum…***

7 CMC § 2442(a) (emphasis added). The operative words in this particular statue are "shall be liable." *Id*. The language of the statute does not contain any exceptions or defenses to this liability. 7 CMC § 2442.

**B. The Defendant Bounced A Check And Is, Therefore, Liable Under The CNMI Bad Check Act.**

As mentioned above, the Defendant wrote the Check, made payable to Plaintiff, in the amount of $190,000.00. *See* "Undisputed Facts" *supra*. The Check was deposited into a bank account. *Id.* That bank presented the check to the bank upon which it was drawn for payment. *Id.* The bank upon which the Check was drawn returned it, due to "insufficient funds." *Id.* When these facts are applied to the simple language of the CNMI Bad Checks Act, it becomes

readily apparent that Defendant is liable to Plaintiff. The specific remedy is left to the discretion of the Plaintiff, but this has no effect upon the underlying statutory liability that is imposed by 7 CMC § 2442.

This Motion should be granted in full.

**C. Plaintiff Elects To Collect The Face Value Of The Check, Plus Interest, And Is Also Due Attorney Fees.**

Once liability attaches under 7 CMC § 2442 (which, in this case, it has), the "payee" of the check may elect one of two separate remedies under the statute. First, the payee may elect to receive:

> …the amount owing upon such check plus interest at the rate of 12 percent per annum, or other damages claimed…

7 CMC § 2442(a). Alternatively, the payee may elect to receive:

> …damages of treble the face value of the check; provided that in no case such damages be less than $50 nor more than $750 in respect to any such instrument.

*Id.* Here, the Plaintiff elects the first option. Having so elected, Plaintiff requests that this Court enter an Order finding that Defendant is liable to Plaintiff in the amount of $207,474.79, this representing the amount owed on the Check, plus 12% per annum from the date upon which the check was returned for "insufficient funds." *See* Declaration of Counsel filed herewith.

Furthermore, once the election as to damages has been made, the payee of the bounced check is entitled to attorney fees. Specifically:

> …regardless of whether the payee has elected the treble damages option provided in … [7 CMC § 2442(a)] … ***the payee shall be entitled to reasonable attorney's fees*** as the court may deem satisfactory; provided that attorney's fees awarded in

> respect of each such check shall be not less than $125 and not more than $250 with respect to each instrument.

7 CMC § 2442(b) (emphasis added).  Here, Plaintiff has had to incur attorney's fees in excess of the statutory maximum amount.  *See* Declaration of Counsel filed herewith.  Therefore, Plaintiff respectfully requests that this Court enter an Order finding that Defendant is liable to Plaintiff for $250.00 in attorney's fees.[1]

Finally, Plaintiff requests that this Court enter an Order finding Defendant liable to Plaintiff for the $15.00 fee charged by the Bank of Guam.

### III. CONCLUSION.

The Defendant bounced a check.  Under CNMI law, Plaintiff is entitled to the value of the Check, 12% per annum in interest and her attorney's fees.  There are no genuine issues of any material fact and Plaintiff is due a judgment as a matter of law.  This Court should immediately enter an Order granting summary judgment to Plaintiff on her claims and ordering Defendant to pay Plaintiff $207,474.79 (the amount of the check plus statutory interest), $250.00 in attorney fees and $15.00 in additional damages for the fee charged by the Bank of Guam.

---

[1] Furthermore, Plaintiff would take this opportunity to put Defendant on notice that she intends to seek attorney fees for any work that must be expended to collect on any Judgment entered by this Court.  Those attorney fees are not bound by the $250.00 cap.  7 CMC § 2442(c).  If judgment is entered against Defendant, and any further effort must be expended to collect on the Check, Plaintiff will be seeking the full amount of her attorney's fees.

1

Dated: August 15, 2008       Respectfully submitted:

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiff


By: _____/s/_____
       GEORGE L. HASSELBACK, ESQ.

2542-11-080722-MemSuppMtnSummJdgmt-glh.doc