Law Office of G. Anthony Long
P. O. Box 504970, Beach road
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN | ) CIVIL ACTION NO. 08-0022 |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) MEMORANDUM OPPOSING |
| | ) SUMMARY JUDGMENT |
| YOU RIM CORPORATION | ) |
| | ) Date: Sept. 11, 2008 |
| Defendant | ) |
| _____ | ) Time: 9:00 a.m. |

**FACTS**

Defendant You Rim Corporation is a Commonwealth Corporation. Declaration of Kim, Ki Sup ("Kim Declaration"). Kim, Ki Sup) ("Kim") is the president of You Rim Corporation. *Id*. Kim entered into as Assignment of Lease for certain real property situated on Saipan known as Lot No. 004 D 23. *Id*. The purchase price of the assignment was $570,000.00. *Id*. The final payment for the purchase price consisted of a post dated check from You Rim Corporation to plaintiff in the amount of $190,000.00. Sufficient funds were in You Rim's account to pay the post dated check when the check was prepared and delivered.

A dispute subsequently arose in connection with the assignment transaction and Kim advised plaintiff not to deposit the final check. Fearing that plaintiff would still deposit the

check Kim caused You Rim to withdraw the funds from its account on which the check was drawn.. Plaintiff, disregarding Kim's instruction, transferred the check to Joy Enterprise, Inc., A Commonwealth corporation. *See* Exhibit A to Plaintiff's Summary Judgment Motion. Joy deposited the check into its account with the Bank of Guam. *Id*. The Bank if Guam subsequently informed Joy that the check was dishonored for insufficient funds. *Id*. Bank of Guam then assessed Joy's bank account a fee for the returned check. *Id*.

Plaintiff filed suit against You Rim under the Commonwealth's Bad Check Act of 1984 ("BCA") codified at 7 CMC § 2441 *et seq*., for $190,000.00 plus the penalties available under the BCA[1]. The assignors under the assignment of Lot No. 004 D 23, have also filed suit against Kim for $190,000.00 in the Superior Court for the Commonwealth of the Northern Mariana Islands. Kim Declaration Exhibit 1. The $190,000.00 sought in the Superior Court lawsuit is the same $190,000.00 being sought by plaintiff in this lawsuit. Kim Declaration.

## I.     STANDARD FOR SUMMARY JUDGMENT

The party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2348, 2552, 91 L. Ed.2d 265 (1986). If the plaintiff moves for summary judgment, then the plaintiff must prove the undisputed facts establish every element of the presented claim. *Id.*  Consequently, where the evidence supporting the summary judgment motion does not conclusively establish the absence of every genuine issue of material fact, "summary judgment must be denied even if no opposing evidentiary matter is

---

[1] A copy of the BCA is attached hereto.

presented". *Adickes v. Kress,* 398 U.S. 144, 160 n.22, 90 S. Ct. 1598, 1610 n.22 (1970).

If the moving party meets its burden, the non-movant must present probative evidence showing the existence of a genuine issue of material fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987); *Chung v. World Corporation*, 2005 WL 1459674 at 1 ( D.N.Mar.I. 2005). On those issues for which it bears the burden of proof, the moving party must make a showing that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986); *Chung ,* 2005 WL 1459674 at 1. If the moving party does not bear the burden of proof at trial, the initial burden of showing that no genuine issue of material fact remains may be discharged by demonstrating the absence of evidence to support the non-moving party's case. *Chung ,* 2005 WL 1459674 at 1. If the moving party meets its burden, then the responding party must present specific facts showing that a genuine material issue of fact exists. *Id.* A genuine material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing version of the truth. *S. E. C. v. Seaboard Corporation*, 677 F.2d 1289, 1293 (9th Cir. 1982). It is insufficient for the responding party to point to the mere allegations contained in the pleadings. Instead, it must submit an affidavit or identify other admissible evidence of specific facts demonstrating the existence of an actual issue for trial. *Chung,* 2005 WL 1459674 at 1.

Additionally, when deciding a summary judgment motion, all inferences to be drawn from the underlying facts are viewed in a light most favorable to the non-moving party. *See Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999)(en banc). Therefore, given a choice between multiple inferences, the court must choose those inferences most favorable to the party opposing the motion for summary judgment. *United States v. Diebold, Inc.,* 369 U.S. 654, 655,

82 S.Ct. 993, 994 (1962). Moreover, undisputed facts do not always point unerringly to a single, inevitable conclusion. *See United States v. California Dept. of Corrections*, 1990 WL 145599 * 3 (E.D.Cal.,1990). Thus, when undisputed facts are capable of supporting conflicting yet plausible inferences–inferences that are capable of leading a rational fact finder to different outcomes in a litigated matter depending on which of them the fact finder draws–then the choice between those inferences is not for the court on summary judgment. *See Sankovich v. Life Insurance Co. of North America,* 638 F.2d 136, 139 (9th Cir. 1981). In other words, when given a choice between multiple inferences, the trial court must choose those inferences most favorable to the party opposing summary judgment.

II.     **SUMMARY JUDGMENT IS IMPROPER AS PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION OR ALTERNATIVELY, A GENUINE ISSUE OF MATERIAL FACT EXISTS CONCERNING STANDING**

A party commencing suit in federal court must satisfy the federal standing requirements of Article III. *Cantrell v. City of Long Beach,* 241 F.3d 674,683 (9th Cir, 2001). Indeed, a federal court cannot entertain the claims of a litigant unless that party has demonstrated that it has constitutional and prudential standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561, 112 S.Ct. at 2136.

A plaintiff generally must assert its own legal rights and interests, and cannot rest its claim to relief on the legal rights or interests of third parties. *Id* at 560; 112 S.Ct. at 2136. To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it

4

is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Cantrell*, 241 F.3d at 679.

Generally, only the holder of a check or negotiable instrument has standing to bring an action for the dishonor of an instrument. ["Thus, generally only a holder of an instrument has standing to enforce payment on that instrument."] *TRW Title Insurance Co., v. MCD Mortgage Center, Ltd.*, 1992 WL 77733 at 2 (N. D. Ill. 1992). Commonwealth law is the same as it expressly provides that "[s]ubject to any necessary notice of dishonor and protest, the **holder** has upon dishonor an immediate right of recourse against the drawers and endorsers. 5 CMC § 3507(2). Like TRW, Commonwealth law defines a "holder' as including a person in possession of an instrument drawn, issued, or indorsed to him or to his order or to bearer or in blank. *See* 5 CMC § 1201(20).

To this extent, the BCA vests enforcement rights in the Payee of a dishonored check. 7 CMC § 2442. The BCA defines "Payee' as including "any transferee of the payee." 7 CMC § 2441( c). Most importantly, however, the Commonwealth Uniform Commercial Code expressly provides that "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein." 5 CMC § 3201(1)[2]. It is undisputed that plaintiff transferred or negotiated the check at issue to Joy as plaintiff's Exhibit A shows that the check was deposited by Joy into its own bank account and the bank notified Joy of the dishonor. As such, plaintiff transferred any and all interests and rights in the check to Joy. Therefore, Joy as the holder of the check, is the party possessing the right to bring suit on the dishonored check. 5 CMC § 3507(2). Plaintiff, at best, is an endorser and is liable on the check to Joy. *Id*; 5 CMC § 3141.

---

[2]The UCC defines "instrument as "a negotiable instrument." 5 CMC § 3102(1)( c).

The facts demonstrate that Joy is the holder of the check and accordingly, Joy, not plaintiff, possesses the standing to bring an action on the check. Alternatively, a genuine issue of material fact exists as to whether plaintiff is the holder of the check given that Joy indorsed and deposited the check into its own bank account.

### III. ASSUMING PLAINTIFF HAS STANDING SUMMARY JUDGMENT IS STILL IMPROPER FOR FAILURE TO JOIN AN INDISPENSABLE PARTY OR ALTERNATIVELY, A GENUINE ISSUE OF MATERIAL FACT EXISTS CONCERNING INDISPENSABLE PARTIES

Whether a non-party is "indispensable" is determined by application of FRCP Rule 19. Pursuant to Rule 19, the court must first determine if an absent party is "necessary" to the action; then, if that party cannot be joined, the court must determine whether the party is "indispensable" so that in "equity and good conscience" the action should be dismissed. *Biagro Western Sales Inc. v. Helena Chemical Co.*, 160 F.Supp.2d 1136, 1142 (E.D.Cal. 2001).

A party is "necessary" in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a protected interest in the action. *See Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir.1996). The burden of proving that joinder is necessary rests with the party asserting it. *Sierra Club v. Watt*, 608 F.Supp. 305, 319-21 (E.D.Cal.1985). When evaluating whether a person not a party has an "interest relating to the subject of the action," it is not necessary that the "interest" be a legal one. *Hartog v. Jots, Inc.*, 2004 WL 2600280 at 2 (N.D.Cal.,2004). Instead, the determination of an "interest" is made based on a practical perspective and considerations, not strict legal definitions or technicalities. *Id. See Lopez v. Martin Luther King Jr. Hospital*, 97 F.R.D. 24, 29

(C.D.Cal.1983). The practical considerations include examining whether the absent party is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. *Hartog*, 2004 WL 2600280 at 2.

The determination of whether a necessary party is indispensable requires the consideration of four factors:  (1) the extent to which a judgment rendered in the person's absence might be prejudicial to that person or those already parties;  (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;  (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *American Greyhound Racing, Inc. v. Hull*, 146 F.Supp.2d 1012, 1049 (D.Ariz. 2001).

Indispensable parties are absent from this lawsuit

**A.    JOY IS AN INDISPENSABLE PARTY**

As previously noted, the BCA defines the term "Payee" as including "any transferee of the payee," 7 CMC § 2441(c), and Joy, as transferee of the check, acquired all of plaintiff's all rights in the check. 5 CMC § 3201(1).  Moreover, as the holder of the check, Joy possesses the right to bring an action on the check's dishonor.  5 CMC § 3507(2). It can not be disputed, therefore, that Joy possesses a legally protected interest in the check and this action.

When an absent party has an interest in a check, that party is indispensable to any dispute

concerning the check. *In re: DIET DRUGS (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* 2001 WL 34129592 (E. D. Pa. 2001). Indeed, Joy as the transferee and holder of the check, has a claim against You Rim. For sure, Joy was party to the statutory notice under the BCA provided to You Rim. Exhibit B to Plaintiffs Summary Judgment Motion. Joy thus, has the right to pursue or bring a BCA claim against You Rim. If Joy brings a BCA action against You Rim, then You Rim can be subject to two judgments to two different parties on the same check. In other words, You Rim can end up paying twice on the same check if Joy is not a party to this action. That is unduly prejudicial to You Rim. *See In re: DIET DRUGS (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, supra.* Likewise, the court cannot shape any relief to protect You Rim from such prejudice in the absence of Joy from this litigation.

Since Joy is an indispensable party, its joinder will destroy diversity and thus defeat this court's jurisdiction as Joy, like You Rim, is a Commonwealth corporation. That circumstance, however, does not justify denying joinder when plaintiff can pursue and seek relief in the Commonwealth Superior Court. *See Aguilar v. Los Angeles County*, 751 F.2d 1089, 1094 (9th Cir.1985). This is especially so when, as in this instance, a related case is currently pending in the Superior Court.

**B.     THE PARTIES TO THE UNDERLYING CONTRACT FOR THE ASSIGNMENT OF LEASE FOR LOT NO. 004 D 23 ARE INDISPENSABLE PARTIES**

This case springs from a dispute over the assignment of Lease for Lot No. 004 D 23 between Kim Ki Sup and Scarlet Hyun Shin, personally and in her capacity as guardian for

certain minors. *See* Kim Declaration Exhibit 1. A civil suit is currently pending in the Commonwealth Superior Court between Scarlet Shin and Kim over this dispute in which the $190,000.00 being sought in this lawsuit is being sought in the Superior Court lawsuit. *Id*. Since the plaintiffs in the Superior Court lawsuit claim entitlement to the same $190,000.00 plaintiff is seeking in this case, the parties in the Superior Court lawsuit, both plaintiffs and defendant, are necessary and indispensable parties to this case. *See Aguilar, supra.*

## IV.   SUMMARY JUDGMENT IS NOT APPROPRIATE AS GENUINE ISSUES OF MATERIAL FACT EXISTS REGARDING THE BCA CLAIM

The BCA penalties against "[a]ny person, who makes, utters, draws or delivers any check, payment of which is refused or dishonored due to lack of funds or credit to pay." 7 CMC § 2442(a). However, it appears that the law does not impose strict liability, but applies only in the circumstance when a person "makes, utters, draws or delivers" a worthless check. In other words, the check must be worthless at the time the person makes, utters, draws, or delivers the check and the person making, uttering drawing or delivering the check knows it is worthless at that time. This construction is consistent with the legislative intent regarding the statute. Indeed,

> [a]ccording to PL 4-35, § 2: "The Commonwealth Legislature finds it necessary to enact legislation to protect citizens and local businesses from habitual, repetitious, and irresponsible individuals who pass bad checks."

7 CMC § 2441 Commission Comment. This legislative intent can not be disregarded or ignored. *Bank of Saipan v. Superior Court of Commonwealth of Northern Mariana Islands*, 2001 MP 5 at ¶¶ 22 - 23, 6 N.M.I. 242, 248, 2001 WL 34876570 at 5 [When interpreting a statute, the court's

objective is to ascertain and give effect to the intent of the legislature.] *See Lungren v. Deukmejian*, 45 Cal.3d 727, 729 (1988) [The plain language of a statute or the literal construction of a statute does not prevail if it is contrary to the legislative intent apparent in the statute].*See also Ahmed v. Goldberg*, 2001 WL 1842399 at 5, D.N.Mar.I., May 11, 2001 (NO. CIV.A.00-0005, CIV.A. 99-0046)[The court will apply the plain meaning of the language unless a plain meaning interpretation is at odds with the legislature's intent.]. The legislative intent indicates that the BCA is aimed at the **intentional** passing of "bad checks" and is not a strict liability statute. *See* 7 CMC § 2441 Commission Comment. Plaintiff has not pointed to any facts or evidence showing that the check at issue was worthless when You rim made, uttered, drew, or delivered the check. Likewise, plaintiff has not pointed to any facts demonstrating that You Rim knew the check was worthless when You Rim uttered, drew, or delivered the check.

      Moreover, a factual issue exists regarding plaintiff's entitlement to recover penalties under the BCA, based on the ancient equitable principle that no one should profit from one's own wrong, *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1092 (9th Cir. 2003). Restatement of Restitution § 3 (1937)["A person is not permitted to profit by his own wrong at the expense of another."]. Here, plaintiff, knowing of the dispute between Kim and the assignors of Lot No. 004 D 23 and knowing of the instruction not to deposit the postdated check, knowingly transferred the check to Joy. It is unclear whether plaintiff informed Joy of the advisement not to deposit the check or whether plaintiff caused Joy to deposit the check despite the knowledge she possessed. Under either circumstance, plaintiff now seeking to recover under the BCA is an attempt to profit by her own wrong.

V.   **THE COURT SHOULD ABSTAIN FROM THIS CASE GIVEN THE PENDING ACTION IN SUPERIOR COURT**

The court should abstain from entertaining this case in light of the pending Superior litigation involving the underlying assignment of Lot No. 004 D 23. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 332, 63 S.Ct. 1098, 1106-07, 87 L.Ed. 1424 (1943); *Fireman's Fund Insurance Co. v. Quackenbush*, 87 F.3d 290, 296-297 (9th Cir 1996). Alternatively, abstention is proper under the doctrines announced in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *See Fireman's Fund Insurance Co.*, 87 F.3d at 297-298. The doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) also serves as a basis for abstention. *See San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103-1104 (9th Cir. 1998).

This court has previously abstained from entertaining a dispute based on local law when a related case was pending in the Superior Court. *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Bank of Saipan*, 2003 WL 22997231 (D.N.M.I. 2003). *See In re Realty Trust Corp.*, 143 B.R. 920 (D.N.M.I. 1992). That discretion should also be exercised in this case.

VI.   **IF THIS COURT DECIDES NOT TO ABSTAIN, THEN IT SHOULD CERTIFY THE BCA ISSUES PRESENTED IN THIS CASE TO THE COMMONWEALTH SUPREME COURT**

When confronted with a local law question of first impression or interpretation and construction of a Commonwealth statute, this Court possesses the discretion to certify the issue to the Commonwealth Supreme Court. See *United States v. Borja*, 2003 MP 8, 6 N.M.I. 558,

2003 WL 24267673,(N.M.I. 2003); *Bank of Saipan v. Carlsmith Ball Wichman Case & Ichiki*, 1999 MP 20, 6 N.M.I. 40, 1999 WL 33992414 (N.M.I. 199); *Sonoda v. Cabrera*, 1997 MP 5 ¶ 3, 5 N.M.I. 57, 57 (N.M.I. 1997).

While the Commonwealth Supreme Court has addressed certain issues concerning the BCA, it has not addressed the issues presented in this case. It is unresolved under Commonwealth law whether a Payee that transfers its right in a check to a third party retains any right to bring suit under the BCA based on the subsequent dishonor of the check. Also, the Commonwealth Supreme Court has not decided whether the legislative intent of the BCA limits its application and penalties to a person who intentionally makes, utters, draws or delivers a bad check or whether the person who makes, utters, draws, or delivers a bad check, must know that the check is bad or worthless at the time it is made, uttered, drawn or delivered. Resolution of these legal issues should be certified to the Commonwealth Supreme Court. *See Id.*

## CONCLUSION

Plaintiff is not entitled to summary judgment.


Law Office of G. Anthony Long

By:_____/s/_____
    G. Anthony Long

Article 4. Bad Checks Act of 1984.

§ 2441.       Bounced Checks: Definitions.

§ 2442.       Bounced Checks: Treble Damages and Attorney's Fees.

§ 2441.       Bounced Checks: Definitions.
   As used in this article:
   (a) "Bank" includes depository.
   (b) "Check" includes any draft or order upon any bank or depository or upon or to any person for the payment of money.
   (c) "Payee" includes any transferee of the payee.
   (d) "Person" includes any business, firm or corporation.
Source:  PL 4-35, § 3.
Commission Comment:  PL 4-35, the "Bad Checks Act of 1984," took effect March 28, 1985. According to PL 4-35, § 2: "The Commonwealth Legislature finds it necessary to enact legislation to protect citizens and local businesses from habitual, repetitious, and irresponsible individuals who pass bad checks."

§ 2442.       Bounced Checks: Treble Damage and Attorney's Fees.
   (a) Any person, who makes, utters, draws or delivers any check, payment of which is refused or dishonored due to lack of funds or credit to pay, or is refused or dishonored because the maker has no account with the drawee bank under the account number specified in the check, and who fails to pay to the payee the amount thereof together with such charges as may be lawfully imposed by the bank within 30 days following a written demand delivered personally to the maker, or mailed to the maker by certified mail to the maker's address shown on the check, or mailed to such other address of the maker as may be actually known by the payee, shall be liable to the payee for the amount owing upon such check plus interest at the rate of 12 percent per annum or other damages claimed or, at the election of the payee, damages of treble the face amount of the check; provided that in no case such damages be less than $50 nor more than $750 in respect of any such instrument.  As a condition of the award of treble damages, the written demand of the payee or transferee to the maker shall have a conspicuous notice containing a statement substantially as follows:
YOUR FAILURE TO PAY THE CHECK AMOUNT TOGETHER WITH ANY LAWFUL CHARGES WITHIN 30 DAYS FOLLOWING DELIVERY OR MAILING OF THIS NOTICE MAY RESULT IN A COURT JUDGMENT AGAINST YOU FOR THREE TIMES THE AMOUNT OF THIS CHECK.
A cause of action under this section may be brought in small claims court or in any other appropriate court.  The right to treble damages shall not accrue, and no action shall be brought therefore, until 30 days have passed from the mailing or personal delivery of the written demand of the payee containing the notice.
   (b) In any action brought by the payee after the notice period required to collect any sum pursuant to subsection (a) of this section and regardless of whether the payee has elected the treble damage option provided in that subsection, the payee shall be entitled to reasonable attorney's fees as the court may deem satisfactory; provided that attorney's fees awarded in

respect of each such check shall be not less than $125 nor more than $250 with respect to each instrument.  The written demand of the payee to the maker shall have a conspicuous notice containing a statement substantially as follows:
IF YOU FAIL TO PAY THE CHECK AMOUNT TOGETHER WITH ANY LAWFUL CHARGES WITHIN THIRTY (30) DAYS OF DELIVERY OR MAILING OF THIS WRITTEN DEMAND AND THEREAFTER SUIT IS BROUGHT TO COLLECT THE AMOUNTS OWING, THE COURT SHALL AWARD ATTORNEY'S FEES, AS PROVIDED BY LAW.
     (c) Attorney's fees shall be allowed to any plaintiff retaining an attorney to collect the amount owing.  The limitation on attorney's fees provided in subsection (a) of this section shall apply only to pre-judgment representation; the court may, in its discretion, award the plaintiff additional attorney's fees for further representation after judgment has been entered.
Source:  PL 4-35, § 3.