Law Office of G. Anthony Long
P. O. Box 504970, Beach road
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN ) | CIVIL ACTION NO. 08-0022 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | DECLARATION OF KIM, KI SUP |
| ) | OPPOSING SUMMARY JUDGMENT |
| YOU RIM CORPORATION ) | |
| ) | Date: Sept. 11, 2008 |
| Defendant ) | |
| _____ ) | Time: 9:00 a.m |

I, Kim, Ki Sup, hereby declare as follows:

1. I possess personal knowledge of all matters set forth herein and am competent to testify concerning such matters if so called.

2. Defendant You Rim Corporation ("You Rim") is a Commonwealth Corporation and I am the President and principal shareholder of You Rim.

3. In July, 2007, I entered into an Assignment of Lease for certain real property situated on Saipan known as Lot No. 004 D 23.

4. The parties to the assignment were myself as assignee and Scarlet Hyun Shin, personally and in her capacity as guardian for certain minors.

5.  Plaintiff in this lawsuit was not a party to the assignment.

4.  The purchase price of the assignment was $570,000.00.

5.  The final payment for the purchase price consisted of a post dated check from You Rim Corporation to plaintiff in the amount of $190,000.00 with the date of payment for the check being August 5, 2007.

6.  You Rim possessed sufficient funds in its account to pay the post dated check when the check was prepared and delivered.

7.  A dispute subsequently arose in connection with the assignment transaction and prior to August 5, 2007, I advised plaintiff not to deposit the final check.

8.  I was concerned that plaintiff would still deposit the check despite my instructions so I caused You Rim to withdraw the funds from its account on which the check was drawn.

9.  The funds were withdrawn prior to August 5, 2007.

10. The assignors under the assignment of Lot No. 004 D 23, have filed suit against me for $190,000.00 in the Superior Court for the Commonwealth of the Northern Mariana Islands.

11. A true genuine and accurate copy of the Superior Court complaint is attached hereto as Exhibit 1.

12. The $190,000.00 sought in the Superior Court lawsuit is the same $190,000.00 being sought by plaintiff in this lawsuit.

I declare under penalty of perjury pursuant to the laws of the United States of America that the above is true and correct and execute this declaration in the Commonwealth of the

Northern Mariana Islands on this 29th day of August, 2008.

_____/s/_____
Kim, Ki Sup

# EXHIBIT 1

Case 1:08-cv-00022   Document 16   Filed 08/29/2008   Page 4 of 8

E-FILED
CNMI SUPERIOR COURT
E-filed May 1 2008 11:01AM
Clerk Review May 2 2008 9:02AM
Filing ID 19642332
Case Number 08-0159-CV
Dora Decena

1  DAVID G. BANES, Esq.
   O'CONNOR BERMAN DOTTS & BANES
2  Second Floor, Nauru Building
   P.O. Box 501969
3  Saipan, MP 96950
   Tel. No. (670)234-5684
4  Fax No. (670)234-5683

5  Attorneys for Plaintiff Scarlet Hyun Shin

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SCARLET HYUN SHIN, personally and as guardian for Hannah E. Shin, Sarah Jane Shin and Christopher Shin,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM, KI SUP,<br><br>　　　　Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT PURSUANT TO HOLDOVER TENANCY ACT |

Plaintiff, by and through counsel, alleges as follows:

### JURISDICTION AND PARTIES

1.　This Court has jurisdiction over this matter pursuant to the 1989 Judicial Reorganization Act, as amended and 2 CMC 40201 et seq. (Holdover Tenancy Act).

2.　Plaintiff Scarlet Hyun Shin is an individual currently residing in California. She is suing in her personal capacity and as guardian for her children Hannah E. Shin, Sarah Jane Shin and Christopher Shin.

3.　Upon information and belief and at all relevant times herein, Defendant Ki Sup Kim, is believed to be a citizen of the Republic of South Korea and a resident of Rota, Commonwealth of the Northern Mariana Islands.

# FACT

4.  On June 17, 2007, Defendant executed an Assignment of Lease for Lot No. 004 D 23 situated in Garapan. That lot has a business building on it (the "Premises").

5.  The total rental for the lease period was $570,000. The rent was to be fully paid in advance with the last installment payment of $190,000 to be paid on or about August 5, 2007.

6.  Defendant has paid only $380,000 leaving a balance owing of $190,000 plus interest, costs and fees.

7.  Despite repeated demands to do so, Defendant has refused to pay and refuses to vacate the premises.

## COUNT ONE

## HOLDOVER TENANCY

8.  Plaintiff repeats and re-allege paragraphs 1 through 7 as if set forth in full.

9.  On March 23, 2008, Plaintiff demanded from Defendant the balance owing in rent payment for the tenancy. Plaintiff also demanded that Defendant quit and surrender the Premises.

10. Despite demand for payment, Defendant failed to make any payments. Despite demand to quit and surrender the premises, Defendant refuses to vacate and is still occupying the Premises until the present time.

11. Plaintiff has been damaged in an amount to be proven at trial.

2

## COUNT TWO
## BREACH OF CONTRACT

12. Plaintiff repeats and re-allege paragraphs 1 through 7 and 9 through 11 as if set forth in full.

13. The Assignment of Lease was a valid and enforceable contract.

14. Defendant has breached its contract with Plaintiff by refusing to pay the rent due and refusing to vacate the premises.

15. Plaintiff has been damaged in amount to be proven at trial but at least $190,000 plus interest, consequential damages and attorney fees.

## COUNT THREE
## CONVERSION

16. Plaintiff repeats and re-alleges paragraphs 1 through 7, 9 through 11 and 13 through 15 as if set forth in full.

17. Defendant, by failing to pay Plaintiff the full amount of the rent owing and by failing to vacate the Premises, has wrongfully taken Plaintiff's property and converted it to his own use.

18. Defendant's actions were done intentionally, willfully and with reckless disregard for Plaintiff.

19. Plaintiff has been damaged by this wrongful conversion in an amount to be

1  proven at trial but at least $190,000 plus punitive damages.

## COUNT FOUR
## UNJUST ENRICHMENT

20. Plaintiff repeats and re-alleges paragraphs 1 through 7, 9 through 11 and 13 through 15 as if set forth in full.

21. Defendant by failing to pay the full amount owing of the rent and by failing to vacate the Premises has been unjustly enriched.

22. Plaintiff has been damaged by this wrongful unjust enrichment in an amount to be proven at trial but at least $190,000.

WHEREFORE, Plaintiff prays as follows:

1. For judgment for double the unpaid rent in an amount to be proven at trial.
2. For general, statutory, punitive, consequential and compensatory damages in an amount to be proven at trial.
3. For an award of possession of Lot No. 004 D 23
4. For prejudgment interest.
5. For costs and reasonable attorney fees.
6. For other relief deemed just and equitable by this Court.

Dated: May 1, 2008.

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiff Scarlet Hyun Shin

By:/s/_____
David G. Banes

585_200805010054390620.wpd

4