FILED
Clerk
District Court

SEP 15 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HYE LIN SHIN,<br><br>Plaintiff,<br><br>v.<br><br>YOU RIM CORPORATION,<br><br>Defendant. | Civil Action No. 08-0022<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |

THIS MATTER came before the Court on September 11, 2008 at 9:00 am for hearing of Plaintiff's Motion For Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff appeared by and through her attorney George L. Hasselback. Defendant appeared by and through its attorney G. Anthony Long. Having carefully reviewed the parties' briefs and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court hereby GRANTS the motion.

## BACKGROUND

This case arises out of a dispute over an unpaid check. In July of 2007, Defendant You Rim Corporation ("You Rim") entered into a lease of real property on Saipan from Ms. Scarlet Hyun Shin. (Kim Decl. ¶¶ 3, 4.) A final payment in the amount of $190,000 was paid by a check dated August 5, 2007 and made payable to Plaintiff Hye Lin Shin. (*Id.* ¶ 5; Mot., Ex. A.) On August 6, 2007, the check was deposited into the corporate account of Joy Enterprises, Inc. (Mot. at 2.) On August 9, 2007, the check was returned for insufficient funds and the Joy Enterprises account was charged a $15.00 returned check fee. (*Id.*, Ex. A.) On March 24, 2008, a letter was sent to You Rim, on behalf of Plaintiff Hye, demanding payment of the amount due and notifying You Rim that Plaintiff Hye intended to sue if the amount was not paid within thirty

days. (*Id.*, Ex. B.) On August 28, 2008, Plaintiff filed suit in this Court asserting causes of action for conversion and violation of 7 CMC § 2442, the Commonwealth of the Northern Mariana Islands' ("CNMI") Bad Checks Act. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court will discuss additional specific facts as required in the analysis.

## ANALYSIS

**A.     Rule 56 Summary Judgment Legal Standard.**

Plaintiff moves for summary judgment on the issue of whether You Rim violated the CNMI Bad Checks Act. Pursuant to Federal Rule of Civil Procedure 56(c), a moving party is entitled to a judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of establishing that there is no genuine issue of material fact, "that is, pointing out to the district court []that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Only where the moving party meets its burden of establishing that there is an absence of evidence to support the nonmoving party's case does the burden shift to the nonmoving party to present more than a scintilla of evidence in support of its position. Fed. R. Civ. P. 56(e) (once the moving party has met its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

B.	**The CNMI Bad Checks Act.**

Title 7 CMC § 2442(a) provides that "[a]ny person, who makes, utters, draws or delivers any check, payment of which is refused or dishonored due to lack of funds or credit to pay, . . . and who fails to pay to the payee the amount thereof together with such charges as may be lawfully imposed by the bank within 30 days following a written demand delivered personally to the maker, or mailed to the maker by certified mail to the maker's address shown on the check, . . . shall be liable to the payee for the amount owing upon such check plus interest at the rate of 12 percent annum or other damages claimed or, at the election of the payee, damages of treble the face amount of the check; provided that in no case such damages be less than $50 nor more than $750 in respect of any such instrument. . . ." A "'Payee' includes any transferee of the payee." *Id.* § 2441(c).

C.	**Defendant You Rim Is Liable Under 7 CMC § 2442(a).**

Here, Plaintiff Hye presents evidence that You Rim wrote a check in the amount of $190,000 to Plaintiff Hye, "payment of which [was] refused or dishonored due to lack of funds." (Mot., Ex. A.) In addition, You Rim "fail[ed] to pay to [Plaintiff Hye] the amount thereof together with such charges as may be lawfully imposed by the bank within 30 days following a written demand . . . mailed to [You Rim] by certified mail to [You Rim]'s address shown on the check." (*Id.*, Ex. B.)

Defendant You Rim argues that summary judgment is inappropriate because there is a genuine issue of material fact regarding Plaintiff Hye's standing to bring this suit. The Court disagrees. Plaintiff Hye has standing to bring this suit because she was allegedly injured by Defendant You Rim's unlawful activity and an order of this Court would redress her injury. *Allen v. Wright*, 468 U.S. 737, 751 (1984) (To establish standing in a federal court "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). You Rim argues that Plaintiff Hye "transferred

3

any and all interests and rights in the check to Joy [Enterprises]" when the check was deposited into the account of Joy Enterprises. (Opp. at 5.) However, You Rim offers no evidence or authority to support the argument. Although a transferee may also recover on a bad check under the statute, the statute does not exclude the named payee. In addition, the Court finds no merit to You Rim's contention that it is at risk of paying twice on the same check since the transferee, Joy Enterprises, may later attempt to collect on the check. CNMI law precludes double recovery on a negotiable instrument. *See* 5 CMC § 3603(1) ("The liability of any party is discharged to the extent of his payment or satisfaction to the holder even though it is made with knowledge of a claim of another person to the instrument . . . ."). Further, the attorney for Joy Enterprises conceded on the record that it would not attempt to recover twice on the same check.[1]

Accordingly, the Court finds that You Rim violated 7 CMC § 2442 when it uttered a check payable to Plaintiff Hye, the check was later returned for insufficient funds, and You Rim

---

[1] The Court similarly rejects You Rim's additional contentions regarding genuine issues of material fact. First, the Court finds that neither Joy Enterprises nor the plaintiffs in the CNMI Superior Court case are necessary and/or indispensable to this action under Federal Rule of Civil Procedure 19. Instead, the Court finds that complete relief is possible with the parties before it and the interests of any nonparties are adequately represented by the existing parties. *See Confederated Tribes v. Lujan,* 928 F.2d 1496 (9th Cir. 1991); *Southwest Ctr. for Biological Diversity v. Babbitt,* 150 F.3d 1152, 1153–54 (1998).

Next, 7 CMC § 2442(a) does not contain an intent requirement. The statute is clear and unambiguous and the Court does not look to legislative intent to create ambiguities. *State Bd. for Charter Schs. v. U.S. Dept. of Edu.,* 464 F.3d 1003, 1007–08 (9th Cir. 2006) ("When a natural reading of the statutes leads to a rational, common-sense result, an alteration of meaning is not only unnecessary, but also extrajudicial."); *Town House, Inc. v. Saburo,* 6 N.M.I. 529, 531–32 (2003) ("We construe statutory language 'according to its plain-meaning, where it is clear and unambiguous.'").

Finally, the Court will not abstain from exercising its jurisdiction in this case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005) (Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."); *Colorado River Water Conser. Dist. v. United States,* 424 U.S. 800, 818–19 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

has failed to pay the amount after proper notification. As such, under the statute, You Rim is "liable to [Plaintiff Hye] for [$190,000] plus interest at the rate of 12 percent per annum" as well as the $15.00 returned check fee. In addition, You Rim shall pay Plaintiff Hye's attorney's fees of $250.00 as prayed for and found by the Court to be reasonable. Payment of the entire amount due, including the $190,000, the 12 percent per annum, the $15.00 check fee, and the $250.00 in attorney's fees, is due 10 days from the date of this Order.

## CONCLUSION

In sum, the Court finds that there is no genuine issue of material fact with respect to Plaintiff Hye's claim under the CNMI Bad Checks Act. Accordingly, the motion for summary judgment on the second cause of action is GRANTED.

In addition, on the Court's own motion, the first cause of action for conversion is hereby DISMISSED because the second cause of action has been fully and finally adjudicated.

**IT IS SO ORDERED.**

Dated:        September 15, 2008

*Alex R. Munson*
ALEX R. MUNSON
UNITED STATES DISTRICT JUDGE